**SHUPE**

v.

**OHIO DEPARTMENT OF TRANSPORTATION.**

Court of Claims of Ohio.

No. 2003–04457–AD.

Decided Sept. 10, 2003.

**64**

[redacted]

Tamara L. Shupe, pro se.

Jim Petro, Attorney General, and Gordon Proctor, Director, Department of Transportation, for defendant.

DANIEL R. BORCHERT, Deputy Clerk.

{¶ 1} On March 8, 2003, plaintiff, Tamara L. Shupe, was driving her van south on State Route 99 between Monroeville and Willard, near a location identified as "Conservation Club," when a tree limb fell upon her vehicle, causing substantial property damage. Plaintiff filed this complaint seeking to recover $1,000, her insurance coverage deductible for automotive repair. Plaintiff submitted the filing fee with the complaint. Plaintiff asserted that defendant, Ohio Department of Transportation ("ODOT"), is somehow liable for her property damage and related repair expenses. Plaintiff has implied that her damage was proximately caused by defendant's negligence in maintaining the roadway.

{¶ 2} Defendant denied any liability in this matter. Based on plaintiff's statements, defendant located plaintiff's property-damage incident at some point between milepost 15.14 and 15.2 on State Route 99 in Huron County. Defendant denied any knowledge regarding the condition of the tree that caused plaintiff's property damage. Plaintiff did not provide any explanation or elaboration concerning the condition of the tree that caused her property damage. After conducting an investigation, defendant did not comment on the condition of the tree other than to assert that it had no knowledge about the condition of the tree. Defendant suggested that the dangerous condition of the tree probably existed "for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant has contended that plaintiff failed to produce sufficient evidence to show that negligence on the part of department personnel caused her property damage. Defendant's work crews performed maintenance activities and other work in the area of plaintiff's incident on 27 separate occasions in the five-month period prior to March 8, 2003. Additionally, the roadway is inspected one

or two times a month. None of defendant's personnel who worked in the area noticed a dangerous tree condition prior to plaintiff's March 8, 2003 property-damage occurrence. Defendant argued that no evidence has been submitted to indicate how long this hazardous condition existed prior to March 8, 2003.

{¶ 4} Plaintiff's claim sounds in negligence. Therefore, in order to prevail, plaintiff must prove by a preponderance of the evidence that defendant owed her a duty and that there was a breach of that duty and injury resulting therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467.

{¶ 5} Pursuant to R.C. 5501.11(A), ODOT is responsible for "establish[ing] state highways on existing roads, streets, and new locations and to construct, reconstruct, widen, resurface, *maintain* and repair the state system of highways and the bridges and culverts thereon." (Emphasis added.) In carrying out his duty, the Director of ODOT is to "supervise" the trees and shrubs on or near a state highway as set forth in R.C. 5501.42, which states that "[t]he director may cut, trim, or remove any grass, shrubs, trees, or weeds growing or being within the limits of a state highway. The powers conferred by this section upon the director shall be exercised only when made necessary * * * for the safety of the traveling public."

{¶ 6} The Director of ODOT is empowered to cut, trim, or remove trees that are growing or being within the limits of the state highways only when it is necessary to maintain the highways safe for the traveling public. The court finds in the instant claim that the tree limb that caused plaintiff's property damage was obviously leaning over defendant's right-of-way by several feet. Such a lean constituted "being" within ODOT's right-of-way. Furthermore, the court finds that the damage-causing tree branch posed such an unreasonable risk of harm to the traveling public that it presented a dangerous roadway condition.

{¶ 7} As held in *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486, ODOT has a duty to maintain its highways in a reasonably safe condition for the motoring public. However, "[ODOT] is not liable for damages caused by defects or *dangerous conditions* on state highways unless it had notice of the condition, either actual or constructive." (Emphasis added.) *McClellan v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 247, 517 N.E.2d 1388, paragraph one of the syllabus. The legal concepts of actual or constructive notice are distinguishable. As held in *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197–198, 47 O.O. 231, 105 N.E.2d 429:

{¶ 8} "The distinction between actual and constructive notice has long been recognized. The distinction is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information

obtained. Wherever, from competent evidence, either direct or circumstantial, the trier of facts is entitled to hold as a conclusion of fact and not as a presumption of law that the information was personally communicated to or received by a party, the notice is actual. * * * [C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge."

{¶ 9} ODOT's presence in the particular and general area of State Route 99 on multiple occasions prior to March 8, 2003, constitutes constructive notice of the dangerous condition that caused plaintiff's damage. Despite defendant's assertions to the contrary, the court determines that defendant's personnel were present in the area with such frequency that notice of the condition should have occurred. Tree limbs do not normally fall on vehicles without some negligence involved. Defendant did not offer an alternate explanation regarding the cause of the falling tree limb. Notwithstanding defendant's assertions, the court finds that defendant either knew or should have known through inspections that the tree constituted a hazardous condition that should have been rectified. The court finds that defendant should have known that the tree that caused property damage presented an imminent danger and was likely to fall. It is determined that the tree was, in effect, a dangerous condition existing for such a length of time that defendant, by exercising care, ought to have discovered the danger and removed it before it damaged plaintiff's van. See *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724.

{¶ 10} Consequently, defendant is liable to plaintiff for the damage claimed. This determination is consistent with prior holdings in this court. See *Bertram v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2002–07924–AD, jud, 2003-Ohio-2608, 2003 WL 21186136; *Vogelhuber v. Ohio Dept. of Transp.* (Aug. 14, 1993), Ct. of Cl. No. 92–06116.

{¶ 11} Having considered all of the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,025, which includes the filing fee. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Judgment for plaintiff.